Honorable Hal E. Hunter, Jr. Prosecuting Attorney New Madrid County 545 Virginia Avenue New Madrid, Missouri 63869
Dear Mr. Hunter:
This letter is in response to your opinion request asking as follows:
 "Our question is can the Sheriff of New Madrid County charge the City of St. Louis an amount above the actual cost of board for their prisoners and if he can, who is to retain the amount above the cost of board, the New Madrid County Sheriff personally or the County Revenue Fund of New Madrid County."
You further state:
 "The New Madrid County Sheriff is currently keeping City of St. Louis prisoners in the New Madrid County Jail. He has never charged the County of New Madrid for board of these prisoners, presumably paying the expense himself. The City of St. Louis is reimbursing our sheriff $10.00 per day per prisoner for their keep in the county jail and the Sheriff is retaining all of this amount, turning nothing over to the county. The Sheriff is currently charging New Madrid County $2.00 per day per prisoner for board of our prisoners and change of venue prisoners from other counties. If the same cost of board would apply to the City of St. Louis prisoners, (we assume it would as it would seem unlikely for him to prepare two sets of meals) as he is presently charging for New Madrid County prisoners, it appears the Sheriff is realizing an $8.00 per day per prisoner profit from the keeping of St. Louis City prisoners."
New Madrid County is a third class county.
We asked you for further clarification, and you informed us that it is your understanding that prisoners received from the sheriff of the City of St. Louis are not recorded by the New Madrid County sheriff's office on his report to the county on the prisoners in jail and that he limits his report to New Madrid County to offenders awaiting trial in New Madrid County. You further state that it is your understanding that if the sheriff's costs are actually two dollars per day he is clearing a net profit of eight dollars per day per prisoner by the use of county facilities and county employees. You also indicate that you are not aware of the nature of the actual arrangements between the New Madrid County sheriff and the City of St. Louis or between the New Madrid County sheriff and the sheriff of the City of St. Louis, but that you understand the sheriff of New Madrid County receives his check directly from the comptroller of the City of St. Louis.
Unfortunately, we have not received requested information from either the city counselor's office of the City of St. Louis or the office of sheriff of the City of St. Louis with respect to this matter. We are unaware of what, if any, effect the federal court decision with respect to the St. Louis City jail conditions may have concerning this situation. Therefore, our answer must be qualified to the extent that there are obviously items of information which may be of value to us that have not been furnished to us. Since, however, you request an expedited response to your question, we have undertaken to attempt to reply on the basis of the information we have.
We do not in any way attempt to pass on the validity of any arrangement, if any, between St. Louis City and New Madrid County or the propriety of St. Louis City's paying the sheriff of New Madrid County or as to the amount of money that can or should be legally paid by St. Louis City to New Madrid County or to the sheriff of New Madrid County.
Prior to the enactment of House Bill No. 1130, Second Regular Session, 78th General Assembly, this office held that the expenses of a sheriff or a jailkeeper of another county of the third or fourth class for the boarding of prisoners from a different county pursuant to Section 221.230, RSMo, may not be arbitrary and must be in conformance with the express provisions of Section 221.090 which provided that the sheriff of a third class county shall furnish a statement to the county court supported by his affidavit of the actual cost incurred by him in the boarding of prisoners, the names of the prisoners, and the number of days each spent in jail and also that the county court was to audit the statement and draw a warrant on the county treasury payable to the sheriff for the actual and necessary costs. That section also provided for the inclusion of the chargeable board costs in the court costs bill to be charged as provided by law. We enclose our Opinion No. 203 dated May 13, 1965, to Fritz, with respect to the keeping of such prisoners prior to the enactment of House Bill No. 1130.
House Bill No. 1130 repealed Section 221.090, RSMo Supp. 1975 (which was similar to Section 221.090, RSMo 1969), and other related sections and provides in pertinent part as follows:
 "Section 2. 1. The governing body of any county and of any city not within a county shall fix the amount to be expended for the cost of incarceration of prisoners confined in jails or medium security institutions. The per diem cost of incarceration of these prisoners chargeable by the law to the state, shall be determined, subject to the review and approval of the office of administration.
 "2. The actual costs chargeable to the state shall be seventy-five percent of the allowable per diem cost or eight dollars per day per person, whichever is less."
This office issued its Opinion No. 166 dated August 31, 1976, to Nielsen, with respect to the taxation of such costs under House Bill No. 1130. We are not here concerned with the taxation of such costs; however, that opinion is enclosed for your information.
It thus appears that prior to the enactment of House Bill No. 1130, the actual costs incurred by the sheriff of a third class county for the board of prisoners were payable to the sheriff and since the enactment of House Bill No. 1130, the governing body of the county, in this case New Madrid County, is to fix the costs of board.
In any event, it appears from the information that you have furnished us that the sheriff is utilizing facilities of the county for his own profit and that he is not entitled to retain the excess. The excess itself would be determined by applying either Section 221.090 until the date of its repeal or House Bill No. 1130 which became effective August 13, 1976. Therefore, as we see it, the excess is to be determined under the provisions of Section 221.090 for the period involved prior to the repeal of that section which bases the amount to be paid to the sheriff on the actual and necessary expense of the board of prisoners, and thereafter under House Bill No. 1130 based on the amount determined by the county court to be spent for the cost of board for such prisoners.
Further, Section 13, Article VI of the Missouri Constitution provides:
 "All state and county officers, except constables and justices of the peace, charged with the investigation, arrest, prosecution, custody, care, feeding, commitment, or transportation of persons accused of or convicted of a criminal offense shall be compensated for their official services only by salaries, and any fees and charges collected by any such officers in such cases shall be paid into the general revenue fund entitled to receive the same, as provided by law. Any fees earned by any such officers in civil matters may be retained by them as provided by law."
We also enclose for your information our Opinion No. 13 dated February 4, 1966, to Burrell, which is self-explanatory.
It is our view that the sheriff must pay the amount received by him in excess of that which he is permitted to retain, as noted above, into the treasury of New Madrid County.
Yours very truly,
 JOHN C. DANFORTH Attorney General
Enclosures: Op. No. 203 5-13-65, Fritz
 Op. No. 166 8-31-76, Nielsen
 Op. No. 13 2-4-66, Burrell